Opinion issued May 4, 2006











In The
Court of Appeals
For the
First District of Texas
____________

NOS. 01–06–00013–CV
          01–06–00382–CV
          01–06–00383–CV
____________

IN RE LARRY WHEELER, Relator




Original Proceedings on Petitions for Writs of Mandamus




MEMORANDUM OPINIONRelator Larry Wheeler has filed petitions for writs of mandamus seeking relief
against respondents (1) the Honorable Robyn Flowers, Walker County District Clerk
(appellate case number 01–06–00013–CV), (2) the Honorable James D. Patton,
Walker County Clerk (appellate case number 01–06–00382–CV), and (3) the
Honorable Robert D. Pierce, Walker County Judge (appellate case number
01–06–00383–CV).
          Relator alleges that the Texas Department of Criminal Justice has not returned
his property and that relators have deprived him of his right to sue in small claims
court. Relator has neither paid the required filing fees, nor filed an affidavit of
indigence, and the time to file an affidavit has expired. See Tex. R. App. P. 5
(requiring payment of fees in civil cases); Tex. R. App. P. 20.1(a), (c)(2) (establishing
indigence); see also Tex. Gov’t Code Ann. §§ 51.207, 51.941(a), 101.041 (Vernon
2005) (listing fees in court of appeals); Fees Civ. Cases B(1), (3) (listing fees in
court of appeals).
          We must dismiss these original proceeding for want of jurisdiction because
Walker County is no longer in the First Court of Appeals District, but is instead in the
Tenth Court of Appeals District, which is the Waco Court of Appeals. See Tex.
Gov’t Code Ann. §§ 22.201(b), (k), 22.211 (Vernon 2004 & Supp. 2005). The
legislature transferred Walker County to the Tenth Court of Appeals District effective
September 1, 2005, before relator’s petition was filed. See Act of May 27, 2005, 79th
Leg., R.S., ch. 542, §§ 1, 5, 2005 Tex. Gen. Laws 1466, 1466. Furthermore, as to
respondents Flowers and Patton, a court of appeals has no general writ power over
a person—other than a judge of a district or county court—unless issuance of the writ
is necessary to enforce the jurisdiction of the court in a case properly before it. See
Tex. Gov’t Code Ann. § 22.221(a). (b) (Vernon 2004); Silva v. Klevenhagen, 833
S.W.2d 746, 747 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).
          We dismiss for want of jurisdiction the petitions for writs of mandamus.
 
PER CURIAM
Panel consists of Justices Nuchia, Keyes, and Hanks.